BENJAMIN B. WAGNER
United States Attorney
MICHELLE RODRIGUEZ
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,　　　) CR NO.  12-154-JAM
　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　)
　　　　　　　　　　　　　　　　) ORDER RE 8/20/13 STATUS CONFERENCE;
　　v.　　　　　　　　　　　　　) AND FURTHER ORDER ENTERING
　　　　　　　　　　　　　　　　) STIPULATION OF THE PARTIES TO
YASIR MEHMOOD,　　　　　　　　 ) CONTINUE CONFERENCE TO 9/3/13 AND TO
　　　　　　　　　　　　　　　　) EXCLUDE TIME UNDER SPEEDY TRIAL ACT
　　　　　　　　　Defendant.　　)

　　　On 8/20/13, this matter came before the Court for status conference and regarding defendant Mehmood's pretrial requests. Defendant Mehmood, appearing in pro per, was present, assisted by an Urdu interpreter, and the United States was represented by AUSA Michelle Rodriguez.

　　　HEREBY, THE COURT ENTERS THE FOLLOWING ORDER in addition to its rulings during the 8/20/13 status conference.

1) Defendant Mehmood's request for an interpreter (Urdu) for in Court proceedings is granted. Mehmoods' further requests for interpreter services are denied as follows: for translation of all discovery; for translation of certain discovery (memoranda of interviews); and for interpreter jail visits. The Court finds the record of proceedings in this matter -- including Mehmood's own English communications, transactions, admissions, and writings with and to the Court -- establishes that Mehmood has demonstrated proficient English reading, writing, and speaking skills and that Mehmood's skills are not "so deficient as to 'inhibit' comprehension of the

ORDER RE 8/20/13 STATUS CONFERENCE AND EXCLUSION OF TIME　　　1

proceedings." See <u>Gonzalez v. United States</u>, 33 F.3d 1047, 1048 (9th Cir.1994); <u>United States v. Lim</u>, 794 F.2d 469, 471 (9th Cir.), cert. denied, 479 U.S. 937 (1986). Further, through prior proceedings and filings, Mehmood has demonstrated the ability (orally and in writing) to understand English. Mehmood's prior English communications (written and oral) with the Court, including answers in real time to questions, have been appropriate, fully responsive, and indicate no lack of understanding. <u>See</u> <u>id</u>.

2) Mehmood's request for an investigator is denied. Hereby, and as stated on the record, Mehmood is admonished that such requests are not properly made to the Court and such requests, as the Court indicated on the record, may properly be made to the Office of the Federal Defender located in Sacramento, California. In so admonishing Mehmood, the Court reminds Mehmood, as set forth in prior proceedings and during the 8/20/13 status conference, that, as a pro se litigant, Mehmood cannot obtain legal advice from the Court.

3) The United States' motion to quash Mehmood's so-called "Subpoena In A Criminal Case" is granted. This Court, as additionally stated during the status conference, finds the numerous documents, each entitled "Subpoena In A Criminal Case" and filed on 8/13/13, E.C.F. 63, were unauthorized and created in violation of Fed. R. Crim. Pro. 17.

4) The parties' stipulation that the status conference hearing be continued to 9/3/13 at 9:30 a.m. is accepted. The Court further grants, for the reasons set forth herein and on the record during the status conference, the parties' joint motion to exclude time under the speedy trial act for preparation of counsel. The Court recognizes that this continuance is warranted to allow Mehmood, in pro per as his own defense counsel, additional time to review the thousands of pages of tendered discovery, to receive and to review additional discovery documents, to have further, if warranted, in person discussion with the United States, and otherwise to engage in additional defense preparation.

WHEREFORE, UPON GOOD CAUSE SHOWN and the stipulation of all parties, IT IS ORDERED that the 8/20/13 status conference be continued to 9/3/13 at 9:30 a.m. THE COURT FINDS that the failure to grant a continuance in this case would deny defense counsel, that is defendant Mehmood in pro per as his own counsel, reasonable time necessary for effective preparation, taking into account the exercise of due diligence. FURTHER, the Court finds that the ends of justice to be served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.

ORDER RE 8/20/13 STATUS CONFERENCE AND EXCLUSION OF TIME        2

WHEREFORE FURTHER, UPON GOOD CAUSE SHOWN it is ordered that time up to and including the 9/3/13 status conference shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) and Local Code T-4, to allow defense counsel reasonable time to prepare.

Dated: 8/26/2013

/s/ John A. Mendez
JOHN A. MENDEZ
United States District Court Judge