BENJAMIN B. WAGNER
United States Attorney
MICHELLE RODRIGUEZ
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,            ) CR NO.  12-154-JAM
                                     )
              Plaintiff,             )
                                     ) ORDER RE (1) FINDINGS WARRANTING
      v.                             ) COMPETENCY EVALUATION UNDER
                                     ) 18 U.S.C. 4241(a) AND (2) EXCLUDING
YASIR MEHMOOD,                       ) TIME UNDER SPEEDY TRIAL ACT
                                     )
              Defendant.             )

On 10/22/13, the United States filed a "Motion For Competency Evaluation" of defendant Mehmood, proceeding in pro per, and two supporting attachments (56 pages/excerpts from discovery and (filed under seal) a letter addressed to a law enforcement official assisting the United States in preparing this matter for trial).

On 10/29/13, the Court conducted a hearing on the Motion. During the 10/29/13 hearing, the Court received witness testimony. Mehmood, in pro per, was provided an opportunity to confront and cross examine all (five) witnesses.

On 11/6/13, the Court - having continued the 10/29/13 hearing - received additional evidence and statements from Mehmood.  Also, between 10/29/13 and 11/6/13, the Court acknowledged receipt of

ORDER RE COMPETENCY EXAMINATION & EXCLUSION OF TIME          1

additional documents the United States submitted (two additional letters (filed under seal) received from Mehmood). During the 11/6/13 hearing, the Court indicated it had read and received all of the evidence provided by the parties, including Mehmood's letters (claims concerning meetings conducted at Mehmood's request between representatives of the United States and Mehmood) and further indicated it had heard and considered the arguments of Mehmood and counsel for the United States.

On 11/6/13, the Court concluded "reasonable cause" exists that Mehmood may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense. 18 U.S.C. 4241.

HEREBY, the Court makes the following additional factual findings:

1) The memoranda of interview concerning the meetings conducted at Mehmood's request between representatives of the United States and Mehmood, filed by the United States in its "Attachment" to the "Motion For Competency Evaluation", are determined to be credible. See Motion, Attachment at 28-32, 36-39, 52-56.

2) Mehmood has failed to establish any claim contained in his various letters concerning the meetings (specifically including the letters filed by the United States under seal), and he has failed to establish any associated averments or allegations.

3) Mehmood's various letters and his statements in Court in support of his claims in the letters, are wholly without support, belied by sworn testimony, and describe events of fantasy, especially considering Mehmood's documented predisposition to similar fantasy. See Motion, Attachment at 5-15.

4) The credible memoranda of interview and the fantasy letters of Mehmood (combined with Mehmood's in Court insistence that his fantasy letters are true) constitute credible evidence raising a doubt about Mehmood's present competence and indicate he may be suffering from delusion(s).

///

Accordingly, the Court grants the United States' Motion For Competency Examination and finds a mental competency evaluation is compelled under 18 U.S.C. 4241. See also United States v. Duncan, 643 F.3d 1242, 1247-48 (9th Cir. 2011).

WHEREFORE, UPON GOOD CAUSE SHOWN, IT IS ORDERED that Mehmood be transported forthwith for evaluation under 18 U.S.C. 4241. The Clerk of the Court is directed to provide, as warranted, a copy of the "Motion For Competency Evaluation" and all associated attachments and later sealed letters, to the Bureau of Prisons or its designated agent as may assist in the evaluation.

WHEREFORE FURTHER, UPON GOOD CAUSE SHOWN IT IS ORDERED that the trial and trial confirmation dates in this matter are vacated. The matter is now set for "Status Hearing Re Competency" on 12/17/13. The time up to and including the 12/17/13 status hearing shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A) and Local Code A. THE COURT FINDS that the failure to grant a continuance in this case would deny the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence. FURTHER, the Court finds that the ends of justice to be served by granting the continuance for mental competency evaluation under 18 USC 4241 outweigh the best interests of the public and the defendant in a speedy trial.

SO ORDERED.

Dated: 11/8/2013

/s/ John A. Mendez
JOHN A. MENDEZ
United States District Court Judge

///

ORDER RE COMPETENCY EXAMINATION & EXCLUSION OF TIME          3